UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

CELSO CRISTOBAL MATIAS
MIRANDA,

          Petitioner,

v.

JOHN GRADISKA et al.,

          Respondents.
_____/

Case No. 1:26-cv-6

Hon. Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action while he was detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1; Am. Pet., ECF No. 2.) For the following reasons, the Court will dismiss Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as moot.

**I.  Procedural History**

In Petitioner's amended § 2241 petition, Petitioner challenges the lawfulness of his detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody or provide Petitioner with a bond hearing. (Am. Pet., ECF No. 2, PageID.48.)

In an order entered on January 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Following an extension of time, on January 15, 2026,

Respondents filed a motion to dismiss the action because Petitioner had been released from custody. (ECF No. 7.) Petitioner did not file a response to the motion, and Petitioner's time to do so has expired.

## II.     Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## III.    Discussion

In this case, after Petitioner filed the instant § 2241 petition on January 2, 2026, Petitioner was released from custody on January 7, 2026. (Notification Granting Parole, ECF No. 10.) Respondents then filed a motion to dismiss, seeking the dismissal of this action for lack of subject-matter jurisdiction because the action is moot. (Br. Supp. Mot. Dismiss, ECF No. 8, PageID.89.)

In Petitioner's § 2241 petition, he requested that the Court "order Petitioner's release" or order Respondents to provide Petitioner with a bond hearing. (Am. Pet., ECF No. 2, PageID.48.) After Petitioner filed his § 2241 petition, Petitioner was released from custody. Under these circumstances, because Petitioner was released from custody, which was the relief that he sought in his § 2241 petition, the § 2241 petition is now moot, and the Court will grant Respondents' motion to dismiss.

## IV. Conclusion

For the reasons discussed above, the Court will enter an order and judgment granting Respondents' motion to dismiss and dismissing Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as moot.

Dated: February 17, 2026                /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE